Neville *v.* Frost.

---

EDGAR N. NEVILLE *v.* SAMUEL FROST.

Where a party contracts with another to do work for him in a particular manner, or in accordance with a prescribed pattern, he is not bound to accept or pay for the work, unless it is done as called for by the contract.

The employer is not required to accept at all an article varying from that described in his contract, either at its value or at any other price.

If he does accept it, *it seems* he will be compelled to pay the contract price, unless his acceptance be qualified.

THIS suit was brought in the Third District Court, to recover the contract price for certain engraving executed by the plaintiff for the defendant, but rejected. The defendant recovered a judgment below, from which an appeal was taken.

*Lucien Birdseye*, for the respondent.

*John D. Macgregor* and *H. P. Carr*, for the appellant.

BY THE COURT. WOODRUFF, J.—The defendant in this case employed the plaintiff to engrave for him a block from which to print his show cards. A pattern was selected and agreed upon, with which the engraving was in all respects to correspond, save only in the size, which was to be on an enlarged scale.

The question properly before the court below was, whether the engraved block corresponded in all material respects with the pattern selected. This was a question of fact. If it was, then the defendant was bound to accept and pay for it. The opinion expressed by the plaintiff as a matter of taste, that

Neville *v.* Frost.

it would make the best card in the city of New York, or to the like effect, was a mere opinion and not a warranty. From the nature of the subject, it could be nothing but an opinion.

But if. the work performed was done in a manner inferior to the pattern selected, the defendant was entitled to judgment. He was not bound to accept a part performance nor an imperfect performance of the plaintiff's contract, and he did not accept the engraving. We know of no rule of law which binds an employer, who contracts for work of a particular style, pattern, finish or fitness, to accept any thing but that for which he contracts.

If he does accept it, he must pay for it either at the contract price, or, if the delivery and acceptance be so qualified, at its value.

But when a tailor undertakes to make a coat that shall *fit* the employer, he cannot require him to take a coat which does not *fit*. When a mechanic of any kind contracts to furnish work done in the *most skillful* manner, he cannot compel the employer to accept the work of unskillful hands, and pay *quantum valebant.*

And especially when work is to be done according to an agreed pattern, the workmanship must be in all material respects equal to the pattern, or the contract is not performed.

A man is entitled to have that for which he contracts. And both parties may insist upon the contract if they please, and the law will not make a new contract for them, and bind one to accept what he never consented to receive, and pay either the contract price, or any other value for it.

As before suggested, the question was, therefore, one of fact. Did the plaintiff perform his contract? The justice has found against the plaintiff on this question, and we cannot interfere with his finding, unless so clearly against the weight of evidence as to warrant the inference of bias, partiality, mistake, or other stringent reason. So far from regarding this as such a case, the evidence seems to us to sustain the finding.

Judgment affirmed, with costs.